U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THOMAS CASTRO,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **THOMAS CASTRO**, by and through his undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE,** and alleges as follows:

### PARTIES

1. Plaintiff, **THOMAS CASTRO**, was and is a resident of and domiciled in the State of California and resides in La Miranda, Los Angeles County, California.

2. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (herein referred to Carnival or Defendant or the cruise line) was and is a citizen of the foreign nation of Panama and incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 3655 NW 87 Avenue, Doral, FL 33178.

### JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship 28 USC §1332 because this is an action for damages that exceeds this Court's minimum jurisdictional requirements, to

        wit, $75,000.00, exclusive of all interest and costs; and the parties are completely diverse as the Plaintiff is from California and the Defendant is from Florida.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

6. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** personally or through an agent:

    A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

    B. Maintained its principal place of business in Miami-Dade County, Florida;

    C. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

    D. Operated vessels and provided vessels for cruises in the waters of this state;

    E. Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

    F. The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

7. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

8. On or about August 22, 2019[1], the Plaintiff, **THOMAS CASTRO**, was lawfully and legally on board the *Carnival Imagination* as an invitee and paying passenger with the actual and/or constructive consent of Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (herein "Carnival").

9. On or about August 22, 2019, the Defendant owned and operated a passenger cruise ship known as the *Carnival Imagination*, such vessel being used as a passenger cruise vessel.

10. On or about August 22, 2019, at the time of the incident, Plaintiff was on Deck 10 near the main restaurant on the Lido Deck.

11. *Carnival Imagination* is a Fantasy class cruise ship, operated by Defendant, Carnival Cruise Line, and includes *Carnival Ecstasy, Carnival Elation, Carnival Paradise, Carnival Fantasy, Carnival Sensation, Carnival Fascination, Carnival Imagination* (the subject vessel), and *Carnival Inspiration*. Each of these Fantasy Class Ships are virtually identical in design, layout and configuration. All deck, public areas, and cabins are decorated and supplied, in the same or similar manner, and with the same or substantially similar materials including furniture.

12. Carnival provides furniture for use by passengers in its various cabin-types and public areas including dining areas and bars. Carnival knows that dining areas are extremely popular places onboard its ships and that passengers spend a great deal of time dining.

---

[1] By written agreement between the parties, the statute of limitation was extended to 04/25/2022.

13. Carnival knows that dining areas and dining room furniture are subject to significant wear and tear due to the high volume of passengers using the areas, and each area's furniture, from cruise to cruise.

14. Because Carnival knows this, Carnival also knows that it must regularly inspect each dining area to ensure that all dining area furniture is in a safe condition and is fit for use by its passengers.

15. Carnival also knows that its employees must provide adequate maintenance to dining area furniture and promptly replace or repair furniture that is unsafe or unfit for passenger use to prevent passengers from becoming injured.

16. Accordingly, defective or damaged furniture injury incidents on one Carnival Cruise Ship is substantially no different from a defective or damaged furniture injury incidents on any other cruise ship(s).

17. At the time of the incident, on or about August 22, 2019, at approximately 7:00 am, Plaintiff was with his wife attempting to have breakfast in the buffet located on the Lido Deck.

18. Plaintiff got his breakfast and went to find a table for him and his wife who was getting coffee. Plaintiff found a table and proceeded to sit down at his chair (herein "the subject chair").

19. Suddenly, and without warning, upon sitting down on the subject chair, the chair broke, collapsed, and Plaintiff fell to the ground. Plaintiff did nothing to cause the chair to collapse.

20. Given the time of the incident, at approximately 7:00 am, it was more likely than not, that Plaintiff was the first person to use that chair on the morning of the incident.

21. Carnival had ample opportunity to inspect the subject chair for any defective conditions- including broken chair legs- and/or malfunctions on the prior evening, when cleaning up, and/or prior to opening the buffet area on the morning of the incident.

22. The collapse of the chair would not in the ordinary course of events have occurred without negligence on the part of the one in control of the chair and of its inspection and maintenance, that is, the Defendant, Carnival.

23. The negligent maintenance and defect in the chair caused the chair to collapse while the Plaintiff was sitting in the chair. As the chair fell, the Plaintiff also fell out of the chair and has suffered severe, debilitating, and permanent injuries.

24. Carnival is on notice of numerous prior substantially similar incidents involving passengers suffering injuries due to broken and/or defective chairs and seating including, but not limited to:

   A. On August 17, 2019, onboard the *Carnival Valor* plaintiff suffered serious injuries caused by sitting on their collapsing bed in the cabin. See *Joachim v. Carnival Corporation,* Case No.: 2021-cv-23343-BB;

   B. On August 2, 2019, onboard the *Carnival Valor* plaintiff suffered serious injuries caused by a chair collapsing in the dining room. See *Brown v. Carnival Corporation,* Case No.: 2021-cv-23866;

   C. On July 16, 2019, onboard the *Carnival Freedom* plaintiff suffered serious injuries caused by a chair collapsing in on the Lido Deck. See *Weber v. Carnival Corporation*, Case No.: 2020-cv-20987-MGC;

D. On May 23, 2019, onboard the *Carnival Sunrise* plaintiff suffered serious injuries caused by a bench collapsing while at the Red Frog Rum Bar on the Lido Deck. See *Lorenzini v. Carnival Corporation*, Case No.: 2020-cv-23601;

E. On October 16, 2017, a passenger was injured onboard the *Carnival Miracle* due to a chair that collapsed.

F. On June 26, 2015, onboard the *Carnival Splendor*, plaintiff suffered serious injuries caused by a chair collapsing in her cabin. See *Tesoriero v. Carnival Corporation*, Case No: 16-cv-21769-KMW;

G. On April 14, 2008, onboard the *Carnival Legend* plaintiff suffered serious injuries caused by a chair collapsing in on the Lido Deck. See *Walter v. Carnival Corporation*, Case No.: 09-cv-20962-WMH.

25. Carnival is on notice of numerous subsequent substantially similar incidents involving passengers suffering injuries due to broken and/or defective chairs and seating including, but not limited to:

A. On September 21, 2019, onboard the *Carnival Inspiration*, plaintiff was injured by a chair collapsing in the Paris Lounge. See *Sturges v. Carnival Corporation*, Case No: 2021-cv-23715;

B. On March 4, 2020 onboard the *Carnival Fantasy*, plaintiff was injured by a stool collapsing on the Lido Deck in the Red Frog Rum Bar. See *Kloski v. Carnival Corporation*, Case No: 2021-cv-20808.

26. Carnival has a refurbishing team that is a full-time part of every crew. The refurbishing team constantly checks the ship for anything that needs repair including steps, chairs,

carpet, etc.  See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216, (DE 80-1, December 11, 2014, Deposition of Corporate Representative Monica Petisco, pp. 84:21-85:9.)

27. Actual notice exists where a defendant recognizes the need to take corrective action.  See *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015).  The refurbishing team is the type of corrective action evincing actual knowledge of danger posed by aging, weak, or otherwise dangerous chairs.

28. Regardless of the refurbishing team, it has always been Carnival's policy that every crew member's job involves looking out for things that need to be addressed.  See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216 (Deposition of Corporate Representative Monica Petisco, p. 86:6-19.)  The immediate cause of an incident would be lack of supervision by crew assigned to the area. *Id.* at p. 105.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty eight (28) as though originally stated herein.

29. On or about August 22, 2019, while aboard the *Carnival Imagination*, the Plaintiff, **THOMAS CASTRO**, on Deck 10, Lido Deck, near the buffet, suffered serious injuries when sitting down in a chair that collapsed resulting in Plaintiff falling to the ground.

30. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

31. This dangerous condition was also known to the Defendant because it trains its crew of the proper inspection of and set up for its dining areas- such as the buffet- including the need to identify, recognize and remedy these dangerous conditions.

32. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

33. At all times material hereto, it was the duty of Defendant to warn passengers, such as like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, such as Plaintiff, are invited to or may reasonably be expected to visit- especially dining areas such as the buffet.

34. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   A. Failure to warn the Plaintiff that the chair was unreasonably dangerous in which to sit; and/or

   B. Failure to warn the Plaintiff of the risks and/or dangers associated with the broken, defective, and/or dangerous condition of the subject chair; and/or

   C. Failure to warn passengers and the Plaintiff of other chair breaking and/or collapsing accidents previously occurring onboard its vessels.

35. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have sat in the broken and/or defective chair had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

36. At all times material hereto, the surface of the subject chair was broken and/or defective and unreasonably dangerous.

37. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

38. As a direct and proximate result of Defendant's negligence, Plaintiff, **THOMAS CASTRO**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

39. **WHEREFORE**, Plaintiff, **THOMAS CASTRO**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty eight (28) as though originally stated herein.

40. On or about August 22, 2019, while aboard the *Carnival Imagination*, the Plaintiff, **THOMAS CASTRO**, on Deck 10, Lido Deck, near the buffet, suffered serious injuries when sitting down in a chair that collapsed resulting in Plaintiff falling to the ground.

41. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

42. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

43. Defendant and/or its agents, servants and/or employees breached its duty to maintain through the following acts and/or omissions:

   A. Failure to adequately and regularly inspect the subject chair and chairs within the ship's dining areas, especially in the buffet and Lido Deck area, to determine whether it was broken, defective and/or unreasonably dangerous; and/or

   B. Failure to maintain the subject chair, and chairs within the ship's dining areas, especially in the buffet and Lido Deck area, in a reasonably safe condition in light of the anticipated use of the area; and or

   C. Failure to regularly and adequately inspect and maintain the subject area including the chairs; and/or

    D. Failure to maintain the subject chair, and chairs within the ship's dining areas, especially in the buffet and Lido Deck area, in a reasonably safe condition if/when the chair became broken and/or unsafe, including, but not limited to, removing the subject chair from the area and/or closing off the areas that contained the dangerous chair(s), placing signage to caution passengers of the chair's hazardous condition

44. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject chair, and chairs within the ship's dining areas, especially in the buffet and Lido Deck area.

45. At all times material hereto, the subject chair, in the buffet Lido Deck area, was broken, defective and/or unreasonably dangerous.

46. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject chair, and chairs within the ship's dining areas, especially in the buffet and Lido Deck area, and/or through prior incidents involving passengers injured due to broken, defective and/or unreasonably dangerous chairs on Defendant's vessels and/or other vessels reported within the cruise industry.

47. As a direct and proximate result of Defendant's negligence, Plaintiff, **THOMAS CASTRO**, suffered bodily injuries resulting in pain and suffering; physical and mental

pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

48. **WHEREFORE**, Plaintiff, **THOMAS CASTRO**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty eight (28) as though originally stated herein.

49. On or about August 22, 2019, while aboard the *Carnival Imagination*, the Plaintiff, **THOMAS CASTRO**, on Deck 10, Lido Deck, near the buffet, suffered serious injuries when sitting down in a chair that collapsed resulting in Plaintiff falling to the ground.

50. This dangerous condition was known to the Defendant or had existed for a sufficient length of time, such that the Defendant should have known, or discovered its existence through the exercise of reasonable care.

51. At all times material hereto Defendant, **CARNIVAL CORPORATION**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

52. Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

    A. Failure to remove the subject chair from the area; and/or

    B. Failure to close off the areas that contained the subject chair; and/or

    C. Failure to instruct passengers and the Plaintiff concerning the subject chair; and/or

    D. Failure to correct the hazardous conditions following other broken and/or defective chair accidents on vessels within its fleet; and/or

    E. Failure to promulgate and/or enforce adequate procedures to keep the subject chair in a reasonably safe condition; and/or

    F. Failure to adequately test the subject chair before permitting passengers and the Plaintiff to use it.

53. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

54. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the dining areas, including the chairs, through prior incidents involving passengers injured due to broken and/or defective chair accidents on Defendant's vessels and/or other vessels reported within the cruise industry.

55. As a direct and proximate result of Defendant's negligence, Plaintiff, **THOMAS CASTRO**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

56. **WHEREFORE**, Plaintiff, **THOMAS CASTRO**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: April 22, 2022.

          HOLZBERG LEGAL
          Offices at Pinecrest II, Suite 220
          7685 S.W. 104th Street
          Miami, Florida 33156
          Telephone: (305) 668-6410
          Facsimile: (305) 667-6161

BY:   */s/Glenn J. Holzberg*
       GLENN J. HOLZBERG
       Fla. Bar # 369551